# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

DENNIS SCOTT, CHAD DRIGGERS,
DOUGLAS WILLIS and GEORGE
ROWLAND,

      Plaintiffs,

v.                                      Case No. 6:22-cv-2192-WWB-DAB

CITY OF DAYTONA BEACH FLORIDA,

      Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on *sua sponte* review the record. The Complaint (Doc. 1) is an impermissible shotgun pleading. As a general matter, "[t]he failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Beckwith v. BellSouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) (per curiam) (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1029–30 (11th Cir. 2001)). "Shotgun pleadings wreak havoc on the judicial system" and "divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) (quotation omitted). As such, "[w]hen presented with a shotgun complaint, the district court should order repleading *sua sponte*." *Ferrell v. Durbin*, 311 F. App'x 253, 259 n.8 (11th Cir. 2009) (per curiam); *see also Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) (noting that shotgun pleadings drain judicial resources, and the district should act *sua sponte* to define the issues at the earliest possible stage).

The Eleventh Circuit has defined four types of shotgun pleadings. "The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015). The second most common type "is a complaint that . . . is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. "The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* at 1322–23. "Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

At the least, Plaintiffs' Complaint falls into the third category. In a single count, Plaintiffs challenge three separate provisions of Daytona Beach City Ordinance 19-27, codified at Code of Ordinances, City of Daytona Beach, section 66-1 (the "**Ordinance**"), sections 66-1(c)(1) and (c)(3)–(4). Plaintiffs allege that each of the three challenged provisions violates the First Amendment—on its face and as applied to Plaintiffs—because it is content-based discrimination, is over-inclusive, is under-inclusive, and impermissibly chills speech. Not only does Plaintiffs' Claim for Relief fail to specify what provision or provisions of the Ordinance Plaintiffs are challenging under each First Amendment theory, it also inappropriately sets forth several different First Amendment

causes of action in a single count. Therefore, the Complaint will be dismissed as a shotgun pleading. *See Weiland*, 792 F.3d at 1322–23.

Furthermore, because the Plaintiffs' Motion for Preliminary Injunction (Doc. 8) relies on the deficient pleading with respect to likelihood of success on the merits, the Court finds that both the interests of justice and judicial economy would be best served by also ordering amended briefing with respect to the Motion. Therefore, to the extent Plaintiffs elect to file an amended pleading, they may also file a renewed motion for preliminary injunction.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Complaint (Doc. 1) is **DISMISSED without prejudice**.
2. On or before **February 10, 2023**, Plaintiffs may file an amended complaint to correct the deficiencies noted herein. Failure to timely file an amended pleading in compliance with this Order may result in dismissal without further notice.
3. Plaintiffs' Motion for Preliminary Injunction (Doc. 8) is **DENIED without prejudice**.

**DONE AND ORDERED** in Orlando, Florida on February 3, 2023.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record

3