UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DENNIS SCOTT, CHAD DRIGGERS, DOUGLAS WILLIS, and GEORGE ROWLAND,
      Plaintiffs,
v.                                       Case No.: 6:22-cv-2192-WWB-RMN

CITY OF DAYTONA BEACH, FLA.,
      Defendant.
_____/

## PLAINTIFFS' TIME SENSITIVE SECOND MOTION TO COMPEL

Plaintiffs challenge the constitutionality of Defendant's panhandling ordinance. On March 14, 2023, Plaintiffs served a Request for Production of Documents (ECF 61-1) and Interrogatories (ECF 61-2). Among other things, Plaintiffs requested written warnings, CAD reports, field contact reports, and field interview reports regarding the ordinance. (ECF 61-1, Requests 1, 2.) Plaintiffs also requested police and fire reports relevant to the Defendant's justifications for the ordinance. (*Id.*, Requests 14-18, 22.) Plaintiff also propounded interrogatories asking whether warnings had been issued to the Plaintiffs, (ECF 61-2, Interrogatories 2-5), and to identify instances which supported Defendant's justifications. (*Id.*, Interrogatories 15-18.)

Defendant initially claimed that it could not produce the records because its databases were not searchable. (ECF 63-1 ¶9; ECF 63-2 ¶8.) After the Court held a hearing on Plaintiffs' Motion to Compel (ECF 61) on July 24, 2023, Defendant indicated it would hire an electronic discovery vendor to search Defendant's databases and compile responsive records.

It took Defendant approximately a month to hire the vendor. Ever since that time, Defendant has expressed a willingness to produce the records, but has not actually done so. Initially, the vendor had to receive security clearance, which was received by September 21, 2023, yet the vendor did not actually begin work until October 9, 2023. On October 10, 2023, defense counsel represented that documents were ready to be produced, but that a protective order was necessary. The Court entered an order on October 15, 2023. (ECF 83.) Since then, the Defendant's e-vendor has delivered several spreadsheets that appear to list reports, and a few spreadsheets containing narrative data from the reports, but no actual reports. And the data in those spreadsheets does not capture all the information from each report.

To date, Defendant has produced a litany of excuses but no reports. Plaintiffs have been reluctant to get the Court involved because Defendant has stated that the records would be produced. However, the case is now less than two weeks away from the end of discovery. Moreover, the Plaintiffs have noticed a deposition pursuant to Fed. R. Civ. P 30(b)(6) on October 26, 2023. The City's failure to produce records in a timely manner means that it will be impossible for Plaintiffs to be properly prepared to question the City's 30(b)(6) representative.

WHEREFORE, Plaintiffs respectfully request this Court (1) order Defendant to produce the police and fire department reports that are responsive to Plaintiffs' Requests for Production on or before October 27, 2023, (2) order Defendant to provide responsive answers to Interrogatories 2-5 and 15-18 on or before October 27, 2023, (3) grant Plaintiffs leave to resume the deposition of the City's representative pursuant to Fed. R. Civ. P. 30(b)(6) after they have reviewed the records produced, even if outside the discovery deadline and even if the deposition has already gone for seven hours, (4) award

Plaintiffs the attorneys' fees and costs incurred in bringing this motion, and (5) order any other relief the Court finds just and proper.

Dated: October 23, 2023            Respectfully submitted,

                                             */s/ Daniel Marshall*
Chelsea Dunn, Fla. Bar No. 1013541
LEAD COUNSEL
Jodi Siegel, Fla. Bar No. 511617
Daniel Marshall, Fla. Bar No. 617210
SOUTHERN LEGAL COUNSEL, INC.
1229 NW 12th Avenue
Gainesville, FL 32601-4113
(352) 271-8890
Chelsea.Dunn@southernlegal.org
Jodi.Siegel@southernlegal.org
Dan.Marshall@southernlegal.org

Sabarish P. Neelakanta,
Fla. Bar No. 26623
6615 W. Boynton Beach Blvd.
Suite 401
Boynton Beach, FL 33437
(561) 350-0369
Sab@spnlawfirm.com

ATTORNEYS FOR PLAINTIFFS

## LOCAL RULE 3.01(g) CERTIFICATION

I hereby certify that undersigned counsel has conferred with opposing counsel, via telephone, regarding this motion. Defendant does not object to the Plaintiffs' request to resume the 30(b)(6) deposition after reviewing the reports once they have been produced, as long as it is not a new, seven-hour deposition. Defendant objects to the other relief requested in this motion.

                                             */s/ Daniel Marshall*
                                             Attorney for Plaintiffs

## CERTIFICATE OF WORD COUNT

As required by this Court's Standing Order on Discovery, I certify that this Motion contains 500 words.

*/s/ Daniel Marshall*
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiffs' Motion to Compel was served on all counsel of record through the ECF system this 23rd day of October, 2023.

*/s/ Daniel Marshall*
Attorney for Plaintiffs