**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DENNIS SCOTT; CHAD DRIGGERS; DOUGLAS WILLIS; and GEORGE ROWLAND,

    Plaintiffs,

v.

CITY OF DAYTONA BEACH FLORIDA,

    Defendant.

Case No. 6:22-cv-2192-WWB-RMN

## ORDER

This cause comes before the Court on Plaintiffs' Motion to Compel 30(b)(6) Deposition (Dkt. 89), filed November 2, 2023 ("Motion"). The Court held a hearing on November 14, 2023 ("Hearing"). Dkt. 98. For the reasons stated on the record at the Hearing and below, the Motion is due to be granted.

In the Motion, Plaintiffs argue that renewed depositions need to be conducted as to topics 2, 3, and 5, of their deposition notice (Dkt. 89-1) because the witnesses produced were unable to testify fully about those topics. Dkt. 89.

At the Hearing, I indicated that, based on the record provided, an additional 30(b)(6) deposition would be needed for topic 2 but more information was needed regarding topics 3 and 5. I directed the parties to file notices

detailing to the Court specific examples of questions regarding topics 3 and 5 that support their positions.

Defendant did not file a notice. Plaintiffs did, and that notice identifies almost 40 instances in which the witness offered by Defendant was not prepared to answer questions within the scope of topics 3 and 5. *See* Dkt. 102. In their deposition notice, Plaintiffs described the matters they wanted information on with reasonable particularity, and so Defendant was required to produce one or more witnesses who can testify about the City's knowledge of the noticed topics. *See QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 688 (S.D. Fla. 2012). Because Defendant did not produce witnesses prepared to answer questions on these topics, the Motion is due to be granted.

Also, if a motion to compel "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). Rule 37(a)(5) applies here because the Motion is due to be granted. *See* Dkts. 94, 96 (agreeing to produce additional deponents). Plaintiffs are therefore entitled to reasonable expenses. To the extent this issue is not already resolved, the parties are directed to meet and confer as to Plaintiffs' reasonable expenses. To facilitate the efficient handling of claims, the parties are directed to move for a determination of an award of

discovery expenses at the conclusion of this matter if the parties cannot agree on an amount.

Accordingly, it is **ORDERED**:

1. Plaintiffs' Motion to Compel 30(b)(6) Deposition (Dkt. 89) is **GRANTED**;

2. The parties may conduct renewed depositions relating to noticed topics 2, 3, and 5, on or before November 30, 2023; and

3. Plaintiffs are awarded reasonable expenses for their costs incurred in bringing the Motion (Dkt. 89) and the parties are directed to confer as to the amount.

**DONE** and **ORDERED** in Orlando, Florida, on November 16, 2023.

_____
ROBERT M. NORWAY
United States Magistrate Judge

Copies to:

Counsel of Record