**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DENNIS SCOTT, CHAD DRIGGERS,
DOUGLAS WILLIS and GEORGE
ROWLAND,

    Plaintiffs,

v.              Case No.: 6:22-cv-2192-WWB-RMN

CITY OF DAYTONA BEACH FLORIDA,

    Defendant.
              /

## ORDER

THIS CAUSE is before the Court on Defendant's Motion for Injunction Pending Appeal ("**Stay Motion**," Doc. 76) and Plaintiffs' Response (Doc. 79) thereto. Defendant seeks an injunction staying the effect of this Court's August 29, 2023 Order (Doc. 72) granting a preliminary injunction against enforcement of several provisions of an anti-panhandling ordinance. For the reasons set forth herein, the Stay Motion will be denied.

**I. BACKGROUND**

Plaintiffs brought this case against Defendant City of Daytona Beach pursuant to 42 U.S.C. § 1983 for alleged violations of their First Amendment rights to freedom of speech and expression by several provisions of Daytona Beach City Ordinance 19-27, codified at Code of Ordinances, City of Daytona Beach, § 66-1 (the "**Ordinance**"), which regulates panhandling within city limits. (*See generally* Doc. 35).[1] As relevant to the Stay

---

[1] A full background of this case, the Ordinance, and Plaintiffs' challenge thereto is found in the Court's Order granting Plaintiffs' Second Motion for Preliminary Injunction. (Doc. 72 at 1–5).

Motion, after Plaintiffs' Second Motion for Preliminary Injunction (Doc. 39) was filed the parties filed a Joint Notice on Evidentiary Hearing (Doc. 45) pursuant to this Court's February 22, 2023 Order (Doc. 41).  In the Joint Notice, Defendant argued a hearing was necessary to resolve "factual and legal issues with respect to Plaintiffs' standing to challenge aspects" of the Ordinance and issues as to the tailoring of the Ordinance.  (Doc. 45 at 2–6).  However, the Court concluded there was no need for an evidentiary hearing because Defendant had "failed to state with particularity any **material** issue of fact or credibility determinations necessitating an evidentiary hearing." (Doc. 72 at 6 (emphasis added)).  Without a hearing and based on the parties' written submissions and evidence, the Court held that Plaintiffs had established a likelihood of their success on the merits because the Ordinance was a content-based restriction on speech and Defendant had failed to argue how the Ordinance was narrowly tailored to survive strict scrutiny.  (*Id.* at 7–13).  Upon a determination that Plaintiffs had established the remaining equitable factors in favor of the preliminary injunction, the Court granted Plaintiffs' Second Motion for Preliminary Injunction and enjoined enforcement of the relevant provisions of the Ordinance.  (*Id.* at 13–15).  Defendant appealed.  (Doc. 74 at 1).

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 62(d) provides that during the pendency of an appeal "from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."  An injunction pending appeal is an "extraordinary remedy." *Touchston v. McDermott*, 234 F.3d 1130, 1132 (11th Cir. 2000).  In determining if such

an injunction should issue, courts consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).  The movant must clearly establish the burden of persuasion as to each of the four prerequisites.  *Id.* at 433–34; *see also Florida v. Dep't of Health & Hum. Servs.*, 19 F.4th 1271, 1279 (11th Cir. 2021).  "The first two factors are 'the most critical.' Regarding the first prong, '[i]t is not enough that the chance of success on the merits be better than negligible.' Similarly, as to the second prong, it is not enough simply to 'show[ ] some possibility of irreparable injury.'" *Florida*, 19 F.4th at 1279 (quoting *Nken*, 556 U.S. at 434–35).  "But the movant may also have his motion granted upon a lesser showing of a 'substantial case on the merits' when 'the balance of the equities [identified in factors 2, 3, and 4] weighs heavily in favor of granting the stay.'" *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986) (quoting *Ruiz v. Estelle*, 650 F.2d 555, 556 (5th Cir. 1981)).

### III. DISCUSSION

As a preliminary matter, Defendant argues the Court erred in refusing to conduct an evidentiary hearing on Plaintiff's Second Motion for Preliminary Injunction because there were disputed factual issues for the Court to resolve.  "An evidentiary hearing is required for entry of a preliminary injunction only where facts are bitterly contested and credibility determinations must be made to decide whether injunctive relief should issue." *Cumulus Media, Inc. v. Clear Channel Commc'ns, Inc.*, 304 F.3d 1167, 1178 (11th Cir. 2002) (quotation omitted).  As the Court noted in the Order, however, Defendant failed to

adequately develop the issue of Plaintiffs' standing in the Joint Notice or its Response to Plaintiffs' Second Motion for Preliminary Injunction—thus the issue was not properly before the Court. (Doc. 72 at 6–7, n.6). And again, Defendant does not develop the issue in the Stay Motion. Further, Defendant fails to explain how any facts raised in the Joint Notice are *material* to the Court's legal conclusions that: (1) the Ordinance is content-based and (2) the Ordinance fails strict scrutiny. Any arguments as to standing or the materiality of the factual issues in the Joint Notice are thus waived or so woefully underdeveloped that the Court cannot address the merits thereof. *See W. Sur. Co. v. Steuerwald*, No. 16-61815-CV, 2017 WL 5248499, at *2 (S.D. Fla. Jan. 17, 2017) ("It is axiomatic that arguments not supported and properly developed are deemed waived."); *see also U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007) (noting the court need not consider "perfunctory and underdeveloped" arguments and that such arguments are waived). Because no factual findings or credibility determinations were needed to support issuance of the preliminary injunction, the Court is not convinced that it erred in declining to hold an evidentiary hearing.

Before addressing the injunction factors, Defendant contends its Motion should be evaluated on the lesser "substantial case on the merits" standard. (Doc. 76 at 7). However, Defendant makes only conclusory arguments regarding the "status quo" to support this assertion and fails to cite any authority explaining why the lower standard should apply in this case. Thus, absent persuasive legal authority that the Court can and should apply a lesser standard in this case, the Court will apply the regular standard for stay of judgment and require Defendant to make "a strong showing that [it] is likely to succeed on the merits." *Nken*, 556 U.S. at 426.

On the merits of the motion, Defendant first argues it has a substantial likelihood of success on the merits because the Court wrongly concluded the Ordinance is a content-based restriction on speech subject to strict scrutiny. Specifically, Defendant faults the Court's conclusion that the Ordinance "applies only to charitable solicitations." (Doc. 72 at 10). In attacking that conclusion, however, Defendant only reiterates its argument that because the Ordinance forbids any request "for an immediate donation of money or some other article of value" regardless of the speaker or the context in which the request arises, it applies to *all* types of solicitation. (Doc. 76 at 13).

This argument must fail, first, because it hinges on Defendant's improper rejection of this Court's—and the Supreme Court's—definition of solicitation. *See City of Austin v. Reagan Nat'l Advert. of Austin, LLC*, 596 U.S. 61, 72 (2022) ("[T]he First Amendment allows for regulations of solicitation—that is, speech 'requesting or seeking to obtain something' or '[a]n attempt or effort to gain business.'" (quoting Black's Law Dictionary 1677 (11th ed. 2019)); (Doc. 72 at 1 n.1). As the Court and Plaintiffs have noted, this definition includes requests for donations, but also expressly covers efforts to gain business and extends to requests not involving the exchange of money, "such as signatures on a petition, attendance at church, [or] a vote for a political candidate." (Doc. 79 at 7). Relying on this broader definition, the Supreme Court in *Austin* determined that "restrictions on solicitation are not content based." *Austin*, 596 U.S. at 72. Defendant, however, ignores this definition and insists that solicitation is merely a "subcategory of the larger concept defined as 'panhandling'" in the Ordinance. (Doc. 76 at 15). Defendant thus narrowly redefines "solicitation" to include only the speech it wishes to restrict—requests for donations—and then uses the Supreme Court's holding in *Austin* to argue

5

the Ordinance's restriction on "solicitation" is content neutral. *Austin* cannot support this outcome because the text of the Ordinance expressly restricts certain types of solicitation while permitting others. *See Austin*, 596 U.S. at 72 ("[R]estrictions on solicitation . . . do not inherently present 'the potential for becoming a means of suppressing a particular point of view,' **so long as they do not discriminate based on topic, subject matter, or viewpoint**." (emphasis added) (quoting *Heffron v. Int'l Soc'y for Krishna Consciousness, Inc.*, 452 U.S. 640, 649 (1981))).

Further, the Ordinance's express restriction of charitable solicitation is inherently content-based because it justifies itself with "reference to the content of the regulated speech." *Ind. C.L. Union Found., Inc. v. Superintendent, Ind. State Police*, 470 F. Supp. 3d 888, 903 (S.D. Ind. 2020) (quoting *Reed v. Town of Gilbert*, 576 U.S. 155, 164 (2015)) (holding an anti-panhandling statute that prohibited "requesting an immediate donation of money or something else of value" was content-based because it defined "the prohibited conduct by referring to the content of the speech"). The Ordinance employs nearly identical language and thus is not content-neutral. (Doc. 76 at 13). Defendant has not established a substantial likelihood it will show the Ordinance is content-neutral on appeal.

Defendant also argues the Ordinance survives both intermediate and strict scrutiny, and thus the Court's conclusion to the contrary was error. To survive intermediate scrutiny, a government restriction on speech must (1) serve a significant government interest; (2) be narrowly tailored to advance that interest; and (3) leave open ample alternative channels of communication. *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989). Although Defendant asserts several potentially significant government

interests in enforcing the Ordinance, it fails to argue the Ordinance is narrowly tailored to those interests. Instead, Defendant argues only that it has "ensured that sufficient alternative avenues of communications were available to" Plaintiffs. (Doc. 76 at 17). This improper conflation of the tailoring requirement with the "alternative channels" requirement fails as a matter of law. *See Brewer v. City of Albuquerque*, 18 F.4th 1205, 1239 (10th Cir. 2021) ("Nor can the City narrow the Ordinance's scope by observing that its restrictions leave [o]ther portions of the roadway . . . available for speech activities, as this argument effectively conflates the narrow tailoring inquiry with an *alternative channels* analysis." (quotation omitted)); *Cutting v. City of Portland*, 802 F.3d 79, 88 (1st Cir. 2015) (holding that "the fact that there are other places where plaintiffs may engage in their expressive activity misses the point" of the narrow tailoring inquiry (quotation omitted)).

Moreover, Defendant's failure to address narrow tailoring is likewise fatal to its argument that the Ordinance survives strict scrutiny. *See Reed*, 576 U.S. at 163 (holding that challenged laws survive strict scrutiny "only if the government proves that they are narrowly tailored to serve compelling state interests"). Thus, Defendant has not demonstrated a substantial likelihood the Ordinance will survive intermediate or strict scrutiny on appeal.

Defendant's arguments as to the remaining injunction factors flow from its position that the Ordinance is both content-neutral and likely to survive scrutiny on appeal. (Doc. 76 at 19–20). But because Defendant has failed to show a likelihood of success on the merits of that issue, it cannot establish a substantial risk of irreparable injury or a lack of harm to Plaintiffs' constitutional rights. *See KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1261, 1271–72 (11th Cir. 2006) ("[I]t is well established that '[t]he loss of First

Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.'" (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976))); *see also FF Cosms. FL, Inc. v. City of Mia. Beach*, 866 F.3d 1290, 1298 (11th Cir. 2017) ("[A]n ongoing violation of the First Amendment constitutes an irreparable injury."). Nor can Defendant show that enforcing the Ordinance is in the public interest because there is "no legitimate interest in enforcing an unconstitutional ordinance." *KH Outdoor*, 458 F.3d at 1272.

### IV. CONCLUSION

Defendant's arguments as to the Ordinance are contrary to applicable caselaw and the text of the Ordinance itself. Accordingly, Defendant has not carried its burden for the issuance of an injunction pending appeal and it is **ORDERED** and **ADJUDGED** that the Stay Motion (Doc. 76) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on November 20, 2023.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record